Good morning, counsel. Good morning, Your Honor. May it please the court. I'd like to reserve four minutes for rebuttal. I'm trying to help you out, but keep your eye on the clock as well. I will do my best, thank you. My name is Jacob Phillips. I represent the plaintiffs in this action. Plaintiffs brought a claim related to Bank of America's overdraft fee practices. The issue and appeal is whether those claims are subject to resolution via arbitration or via judicial reference. The contract between the parties states that if a claim relating to a business account is brought in California State Court, either you or we may seek to compel to have the claim resolved by reference to a judicial referee pursuant to California statute. Plaintiffs interpret that sentence that if a claim is brought in California State Court, either party may seek to compel judicial reference to mean what it says, to mean that if a claim is brought in California State Court, either party can seek to compel judicial reference. The contract means what it says. This appeal is as simple as that. And for that reason, the district court erred by instead compelling arbitration. The issue here is that even if you're right in terms of that reading, factually, what was the sequence here? Did you actually ever perfect and file a motion to compel a judicial referee? Yes. Was it ever actually filed? The case was filed in California State Court. I know the case was, but was there a motion to compel a judicial referee? There was. And was that before Bank of America sought arbitration? It was before. It was. Okay. It was filed immediately with the complaint. Bank of America didn't respond to that. But the two motions were heard together by the district court, right? Well, so plaintiff filed in California State Court and also filed a motion to compel judicial reference. Bank of America then removed the case rather than responding to the motion to federal court. When they removed, they also filed. And sought arbitration. Sought arbitration. Plaintiffs responded by once again seeking. They had already filed the motion in state court, but they filed another motion for judicial reference. And yes. If you hadn't filed the original one, would you agree then they become first in time? This is the sort of timing first to file problem under either of your interpretations. If you hadn't filed the first one, so they did move to arbitrate pursuant to sentence one. You then later under sentence three seek a judicial referee. You're out of luck? No, you're right. I mean, we did file first. You're correct. No, I'm asking you to assume you didn't. If we had filed second, we don't. The contract doesn't say whoever files first wins. There's no timing component. I know, but so what is your position? If it had happened, as I described, without you attaching the motion to file in the first place? Judicial reference would still be called. So your view is you trump sentence three trumps. Their view is sentence one trumps. And there is nothing in the paragraph that speaks to the first filer problem. That's correct. There's nothing in the contract that refers to the timing component. Assuming both sides could waive their rights, even if you're correct that you have these rights, you could waive them. They could be waived. Yes, that's correct. I don't think either party waived their right. That would be our position. But, yes, theoretically either party could. You mean estoppel? You just take some actions in the court without correction? Yeah, we don't. Our argument is not that they waived the ability. Would you agree that if there is some first filer privilege, the plaintiff's almost going to always win because the plaintiff commences the case? If there was a first filing privilege, yes. But our position is that it doesn't depend on that. We're not here saying, hey, we filed first, therefore you have to rule for us. What we're saying is that the contract says that typically they can, in most cases, they can compel arbitration. But there's an exception for California State Court related to business accounts. This is a business account. It was filed in California State Court. This case is that exception. And so judicial reference trumps arbitration in that context, not because we filed first, although we did, but because that's what the contract calls for. If the district court had agreed with you, would it have been able to grant judicial reference or would it have had to remand the case to state court to allow for that? It's state substantive law, so I think a federal court can compel judicial reference. In fact, we've cited cases where federal district judges have invoked judicial reference pursuant to the state statute. So I don't think there's anything that prevents a federal judge from – Even though it's sort of like an arm of the court? I'm sorry? Even though it's sort of an arm of the court, it strikes me as a little odd to – it's almost like a special master to refer it to somebody else. Yeah, except that it's not an arm of the court in that sense. It's a – what the state statute contemplates is that it's either a mediator or a retired judge invoking that statute. An Article III judge can do that just as easily as a state judge. I guess the big question in all this is just is your reading of this reasonable? And I struggle with it a little bit because it just seems like a provision that sort of takes you in steps. And so you kind of are asking why does this exception sort of undermine the arbitration right in the very first sentence? I mean the exception is sort of something that comes into play if you're in court, but if you invoke the arbitration right, you're not in court. Right, yeah. I would say that it doesn't undermine arbitration in the sense that in 49 states and for consumer accounts, the contract contemplates that it would be resolved either through arbitration or through a bench trial. California has this judicial reference statute, and so they say – No, but just reading this, I mean it says there is an exception for claims brought in California state court. So why would we read that as sort of an exception to the whole thing as opposed to an exception for when the arbitration clause is not invoked? So what the contract states is that sentence number one, either party can compel arbitration, right? Sentence number two, if we don't, then we agree to waive a jury trial basically. Right, I mean I think your reading is not indefensible in the abstract, but I think just the sequential right, the way it's laid out, the more natural reading, especially when you think about how it really works in the real world, it seems like the defendant has the better natural reading, right? Because it is a right to compel arbitration that either party can trigger, and if neither party wants to trigger that right, then you go to court. But in California, as I'm sure you're aware, many, many cases then go by way of private judgings. You can go to jams and ADR and many of these other signature resolution outfits to do that. So it just seems like that's the more natural reading in terms of how it's laid out, even though I understand your argument. Yeah, I mean I guess I respectfully disagree. In the abstract, I think it has some force, but when you look at the way this is laid out, I think that the more natural, reasonable reading is the defendant's reading. How do you respond to that? Yeah, I respectfully disagree. I think that as I read that, it announces a right. Rights have exceptions, right? The fact that a right has an exception doesn't mean that it's not a right. So there is a right to arbitrate. Then sentence number three, there's an exception. Okay, what's the exception? The exception is for cases filed in California State Court related to a business account, in which case either party can compel judicial reference. So as I read that, it seems to me the plain text of that is what the contract says. If a claim is filed in California State Court. Sure, in the abstract. But the way this is laid out, I think the question really is, as you argued in the briefs and today, is whether that exception applies only after you get to court, only after neither party chooses not to trigger the right to arbitration. Because otherwise the right to arbitration is completely undermined, right? The contract calls for, in one state related to business accounts, that it's going to be handled through judicial reference. And in 49 states and for consumer accounts, it's going to be handled through arbitration. I don't think that undermines arbitration. It means that most of the time, almost all of the time, arbitration is going to be what happens. In one state with business accounts, it calls for something else. The question, the disagreement between the parties is really whether that exception only applies to bench trials. Is the contract saying there's an exception to bench trials, or is it saying that it's an exception to the process of arbitration or bench trial? Our reading of it, and I think the more natural grammatically correct reading of it, is that the exception applies to both arbitration and the bench trial. The district court said no, it's only when it says exception, it means exception, and you insert, and there, to the bench trial, close parentheses. That's not what the contract says, but that's how the district court interpreted it. That when the contract said there is an exception for claims filed in California State Court, what they meant is an exception only if we don't invoke arbitration and only to the bench trial provision. So your position is this is Bank of America, they drafted this, it's an adhesion form contract. That's correct. And all we're debating about was whether there was agreement to arbitrate. And you're saying no, we're debating over just procedural routes. You can have an arbitrator, you can have a judge, or you can have a referee. So you're saying there was never an agreement to have arbitration as to a situation where you want a referee. That's your position. That is correct, that there's no agreement to arbitrate for claims filed in California. And that's just a textual one. I guess then I have a variation on the question you asked by Judge Wynn, which is let's say your reading may not be compelling, but it's also not indefensible. Let's even say theirs is the natural reading, but yours is not indefensible. Under California law, then, what happens? Under California law, there's two reasonable positions. The contract is ambiguous, and because this is a contract of adhesion, it's resolved against the drafter, which is Bank of America. So if yours has any plausibility, you stay, you still win? That's correct, Your Honor. Under California state law, yes. And the district court disagreed at the very end on page 5. Having said originally in four pages, here's why I think it's more natural, the last antecedent rule, it's a right, it's arbitration. But then on page 5, just one sentence, the district court says, as to your reading, yours is completely implausible. Do you remember why? I'm sorry? Why? Why did the district court say yours actually has no defensibility? The district court thought that if there was an exception to the right to arbitrate, then that right would be completely undermined. It would make no sense to read it that way. We would submit, again, that an exception to the right proves the rule, right? It doesn't undermine arbitration. It just means that in this one state for business accounts, the contract doesn't contemplate arbitration. It does in 49 states, and it does for consumer accounts even in California. It's just this. So we would respectfully disagree with the district court that if a right has an exception, it therefore is not a right at all. But Your Honor is correct that, obviously, we think this is the plain interpretation of the contract, but the actual question facing the court is just, is our position reasonable? Because if it is, then it's either the only reasonable position or it's one of several, but either way, as long as it's reasonable, that then invokes ambiguity and requires a contract of adhesion to be resolved against the drafter. I'm underneath four minutes, so I'd like to reserve the rest of my time for rubato unless the court has specific questions. Thank you, counsel. Good morning, Your Honors, and may it please the court. Andrew Kim for Bank of America. Judge Wendt, I'd like to start with where you left off, which is you talked about how it really works in the real world, and I think it's important for the court to consider the context in which judicial reference exists as a statutory device. Judicial reference was intended to be a substitute for court proceedings. That's, if you look at the Trejo Kettner homeowner's case, it goes through the history of the judicial reference statute as it exists today. It exists as a substitute for court proceedings, and that understanding is reflected in the text of the deposit. No, I get it, and I guess I've given away my tentative view. We haven't discussed the cases, as you know, but, you know, I think of it as the way it's laid out sequentially, right? You file a lawsuit, there's a fork in the road. If either party wants to get on the path of arbitration, that's it. You go to arbitration. If you don't, then you don't get a jury trial, you get a judge trial. But, you know, in California, as you know, private judging is a big thing, and it has built-in efficiencies that sometimes the court system doesn't provide, so I see why it's written that way. But I think this case may turn on the questions that Judge Higginson was asking, which is that Bank of America is the drafter. If there's any ambiguity, if there's a way to say that their reading is not implausible, then I think that's weighed against Bank of America. So if you could spend some time talking about how we tackle that issue. Of course, Your Honor. So as the plaintiffs themselves note, the presumption against a drafter is a canon of last resort. It's a substantive canon that you only get to if there is already an ambiguity. I think to discern whether there is an ambiguity, you look to the semantic canons first. And I don't think you need to go beyond the plain text, and whether you want to call it the last antecedent rule or the proviso canon, I think this court has also called it, what those canons suggest is exactly what Your Honors have pointed out, which is if you're reading these sentences in sequence, if you are looking at a modifier, you look to what immediately precedes that modifier, and here that would be the exception here. The exception follows if neither you nor we compel arbitration, the case will be heard in court by a bench trial. The plain text just says there is an exception. There is no tie-in to the sentence before. So we do your logic to prevail so that they don't even have a plausible argument has to be this last antecedent rule. Do you have a case where the last antecedent rule was applied to sentences in a paragraph as opposed to phrases in a sentence? No, Your Honor. And we're not necessarily relying on the last antecedent rule so much as it just supports our view that this is a natural reading of the statute. But natural doesn't get you there. Theirs has to be implausible. We still think the contract is unambiguous on this point for another reason, which is that if you look at sentence 2 and sentence 3, both sentences talk about proceedings that are already in court, as Judge Wendt mentioned. I think that's another key textual indication that judicial reference is intended to be a substitute for court proceedings and not to arbitration. The Bank of America easily could or maybe already has revised these, and it could actually just have a colon. And it would say, once in court, here's your exception. Easy, easy to fix. I completely understand that, Judge Higginson. California courts have also made clear that just because there's another way to write the provision doesn't necessarily mean it's ambiguous. But the last antecedent rule, to apply that here as the district court did, we're not even talking about the last clause. We're talking about something in the middle of the paragraph. And yet how are we supposed to know that only pertains and modifies the immediate preceding sentence, not the one after, not the one before? It's not just the exception, Judge Higginson, but also the preceding sentence that clearly sets off bench trials from arbitrations with the phrase, if neither you nor we. And also a reader is going to look at sentences 2 and 3 and look to the fact that both mention proceedings already in court. Sentence 2 says claim will be resolved in court by a judge without a jury. Sentence 3, the exception sentence, says claims brought into California state court. There's no mention of courts in sentence 5. But they did bring it in court before you did anything, correct? They did bring it in court, and Judge Higginson, I want to clarify something that opposing counsel mentioned. They actually did not file a properly noticed motion for judicial reference before California Superior Court. They attached it as an exhibit to their original complaint. And then when they filed an amended complaint, they actually dropped that motion as an exhibit. Okay. Well, I was wondering about that factually. Does that render all of the discussion so far irrelevant? If we do – if there is some embedded first-in-time rule, is your argument that chronologically you actually move for arbitration first? I think the court should address the motions in the sequence that it's received them, but the agreement is silent as to how to resolve questions of tension between judicial reference and arbitration. But in the district court hearing, that was a substantial concern of the district courts. In other words, is the logic of your position that even if they do file it, even if you get in front of – I'll call it an arbitrator, but it's a judge, retired judge, and you go pretty far along but you don't like the demeanor of the judge, can you still trump and pull it out into arbitration? I think our position is that we don't have to be in such a position, Judge Higginson, which is that the plaintiff's position invites the sort of procedural headaches that I think the court has laid out. But I'm just asking you to follow the hypothetical. If you do – if they do file in state court and they invoke and then you're there and then proceedings don't seem to be wonderful, is the logic of your position you can still trump and seek arbitration because sentence one is a standalone priority? In your hypothetical, they've already moved for judicial reference? Yes. The hypothetical is actually you're in judicial reference. Yes, that is. Thank you. You're actually participating in judicial reference. I think there's a question as to whether there would be a waiver by litigation conduct at that point, Judge Higginson. I think – This would apply to them too, right, if you're in arbitration and then they try sentence three. But I think, again, putting the court in a position where it has to decide or wade through these procedural headaches, sort of like a better way of putting it, I think is another reason why the plaintiff's reading is just untenable. I mean both the purpose of the Federal Arbitration Act and CCP 638 is to streamline proceedings, is to make things run more efficiently. And I think applying their version of the – their interpretation of the judicial reference statute invites more procedural issues. Judge Bress, I think you alluded to a possible Erie problem, for one, with respect to cases that are removed to federal court. What are the other procedural issues? It seems like you're both saying we win on this, so I'm not sure how complicated it is procedurally as opposed to just figuring out what the text of this means. I think, one, if they're right and that judicial reference is a trump to arbitration, then there's the question of can you do it mid-arbitration, which raises the separate waiver issue that I think I just mentioned. Right, but I think we agree that both sides could be stopped through their conduct. So I don't know that that's a problem either way. There are also some appealability issues, I think, Your Honor. The judicial reference orders are not appealable, and so when you have a mixed order involving arbitration and judicial reference, does the court need to exercise some sort of pendent appellate jurisdiction in order to review? Can it review the judicial reference order if the court – district court or trial court granted judicial reference and denied arbitration? I think there are – The judicial reference is discretionary on the part of the court. In other words, the court doesn't have to grant it even if the party has requested it. That is right, Judge Bress. So what would happen if – what would happen here if the court denied it? Would the case – and you had invoked your arbitration, right? Would the case then need to stay in the court, or would it then go to arbitration? If the court denied judicial reference, Your Honor? Yeah. I think if the plaintiff's view of the deposit agreement is correct, then we're not entitled to arbitration either because their view is that the scope of arbitration excludes anything for which someone has sought to compel a judicial reference. So even if they lose the motion, the right such as it is that exists in the agreement is the ability to seek to compel a judicial reference. So if their reading is right, then merely seeking to compel by filing the motion is enough to take it outside of the scope of arbitration. I don't think they're making a scope argument. They're saying they just never consented as to this narrow little situation where they file in California court. There was never consent from the start, right? Arbitration is a creature of consent. They're saying as to this little world, they never consented that arbitration could occur. I disagree with that, Judge Higginson. They describe it as an exception, and I think when courts are considering whether there is an exception to arbitration, that is a scope question and not a consent question or a validity question. And as the district court found, there's no dispute as to the validity of the arbitration agreement itself. And so I agree that it's not 100% clear, but this seems much more like a – This is procedural. It's where do we go. It is procedural, but it is a question of what is included within the scope of arbitral claims. They're saying that based on this exception provision, any claim for which judicial reference has been sought in California state court is excluded or accepted from arbitration, and that is a scoping question, Judge Higginson. Right. So you stay in court if the district court, as a matter of discretion, denies the request for judicial reference. I'm not familiar with really how it works because I was trying to think of an instance in which a federal district judge basically triggers CCP 638 and sends it to a private judging outfit. Would that mean the entire claim would then be released to, say, jams? As a judicial reference? Yes, as a judicial reference. The entire case would be – judicial master with binding authority for the court. So I would liken it to maybe consent to a magistrate judge in terms of procedure, except magistrate judges are appointed by the court, obviously. It basically lets the judicial referee step into the shoes of the trial judge. So it's not a report and recommendation. It is not a report and recommendation. But there is appeal, right? There is post-judgment rights, unless the contract says otherwise. This is in a case called U. The court of appeals made clear that post-judgment proceedings and any appeals, those rights are still intact. So the trial court can review whatever the referee did in a post-judgment proceeding. And it has to be the whole claim under this particular provision? I'm trying to think through, like, how would this work. So let's say if we were to reverse, then that would basically put the motion for judicial reference back on the table in the district court, right? That would, Your Honor. And then would the parties then try to come to an agreement as to who is going to hear the claim and then request the district judge to approve that? Yes, Your Honor, but before we get there, the district court still has to decide whether to exercise discretion to send this to a judicial referee. Right, but when the district court decides that, would the district court have to either let the entire case go? Can the district court say, well, I want these issues resolved by a referee and then I'm going to retain jurisdiction over these issues? Or under the provision of this particular contract, the district judge would have no choice but to either keep the whole thing and proceed to a judge trial or let the entire case go? It's governed by the text of the contract, Your Honor. The context here would be the entire claim would be sent to the judicial referee. Because it does say a claim. Yes, Your Honor. Interesting. So couldn't they couldn't do it? I hadn't thought of that. So you're saying they couldn't just say this is for discovery, this is for settlement. That is correct. That is correct, Your Honor. Could the parties not agree to that? I mean, I know you don't want to agree, but is that not possible? Could we agree to that? Could you agree to some more limited form of judicial reference? If this is all contractual, I don't see why we couldn't. I think that is certainly something that we could stipulate to, Your Honor. But I think the issue is that if you're just looking at this agreement and what it does, one, it's not entirely clear what exactly it commits to. The language is not as strong as what you typically see in judicial reference arguments. And Section 638 says the contract should provide that the case shall be heard by a judicial referee. So the language is a little ambiguous here on that right. But it's not as if, like, only a part of this case can be sent to a judicial referee for decisioning on summary judgment or discovery issues. The entire kit and caboodle would have to go all the way. Does the record indicate why you understand why people put arbitration clauses in agreements? But in terms of why judicial reference clauses, if you will, are included in agreements, is there a California statute that required your client to do that? Or did you do it? I mean, because there's a lot of procedures associated with courts that are not necessarily disclosed in an agreement. That's not in the record, Your Honor. I could see judicial reference being advantageous over arbitration if you want speedy resolution, but you also want to preserve your appellate rights, particularly if there's a question of, like, a new state statute, for example. That might be an instance. But does the record indicate why this language was put in? No, Your Honor, and the district court asked if they should consider drafting history, and we both said it's not really relevant here. I'd like to turn to the ambiguity point for a second. We think the provision is unambiguous. But even if the court were to conclude that there is ambiguity here, the contraproferendum doesn't work the way opposing counsel says it does. If you look at the Victoria case at plaintiff's site and if you look at Empire Healthcare, both of those cases make clear that the way this works is not that there's an ambiguity and you apply the presumption against a drafter, but rather that there has to be something else in order for, quote, the general policy, as Victoria described it, of the policy favoring arbitration to not apply, meaning the order of operations is you start from the premise that even if there is ambiguity, tie goes in favor of arbitration. And if there's some sort of plus factor that would call for the general policy to not apply, so in Victoria, for example, the court did note that there was a contract of adhesion, but the court also noted that the claims are so far afield from the scoping of the arbitration provision that even if there was ambiguity, the court described it as narrow circumstances. But this is a contract of adhesion. You can't do business with Bank of America without signing this, correct? That is correct, Your Honor. But if you look at Empire Healthcare, the case that plaintiffs recently filed as a supplemental authority, the court there didn't say you apply the contract of adhesion. It's a contract of adhesion, therefore you apply the presumption against a drafter. What the court said was in this particular case there's a high degree of unconscionability, and so therefore we are not going to apply the general policy favoring arbitration. Instead, we're going to apply the presumption against a drafter. And if you look at Chief Justice Guerrero's dissent in that case, that court, one, she repeats our understanding of how to read that case, but then she also says and notes there are plenty of cases where we have found ambiguous provisions. If I may just briefly wrap up, Your Honor. Yes, please. There are ambiguous provisions in an arbitration agreement, and we haven't resorted to the presumption against a drafter. What we've done is we've said this provision is ambiguous, and she cites a case called Ramirez in their dissent. This provision is ambiguous, and we're going to apply the policy favoring arbitration, the Moses H. Cohn policy as adopted by the California Supreme Court in Erickson, and we're going to come out in favor of arbitration. That's the way ambiguous provisions are resolved under California state law, and for these reasons we ask that you affirm. Thank you, Your Honors. Thank you, Mr. Kim. A couple of things just briefly. Obviously the text of the contract controls regardless, but on your previous question about why, it may be worth noting that I haven't, but my co-counsel has resolved several class actions with banks from California that had similar provision. So it seems like banks in particular for California claims prefer judicial reference rather than arbitration. I wouldn't know why, but to the extent that's helpful for the court to know. The question here really is, is plaintiff's position reasonable, right? I would submit to the court that the history of the judicial reference, that's not relevant, right? The question is would a normal person read that contract and say, yeah, that's reasonable to say that it calls for judicial reference, and we would submit that if you went to a normal person on the street and said, hey, we have this contract. It says either party can invoke arbitration. If neither party does, it goes to a bench trial. If it says there's an exception, and that exception is that for claims filed in California state court, either party can seek to compel judicial reference. What happens if the court rejects the judicial reference? Yeah, that's a great question. I think because the parties did not agree to arbitration for claims filed in California state court, I think it just stays with the court. I hadn't come up in briefing. I hadn't thought about that. But it says there's an exception to the agreement to arbitration. Isn't that a strange outcome to say, well, the parties have a right to arbitrate. Bank of America invokes it. Your judicial reference, it turns out, trumps that. But if a court denies that, then it's actually stuck in court. Honestly, I'm thinking about this for the first time right now. So I wouldn't want to commit to an answer. Under your construction would have to, right? I'm sorry? Under your construction of how this provision reads, it would have to stay in the federal court, and you would be entitled to a bench trial. If the parties did not agree to arbitrate disputes for business accounts in California state court, then there's no agreement to arbitrate. So I think that's right. Right, right, because you're saying that the exception trumps arbitration. Right. So you invoke the exception. Then you get a judge trial. But now you want to basically go by way of a judicial reference, which is discretionary. So if that's denied, then you stay in court for a judge trial. Yes, and it's discretionary, but it's not unfettered discretion. What the California Supreme Court said is that courts would have to have a compelling and countervailing reason to not enforce judicial reference. So it's not as if it's just pure discretion on the part of the court. It's, okay, if there's an agreement to judicial reference, then you enforce the contract that the party signed, right, unless there's a compelling and countervailing reason. And the example that the – And so a federal judge would have to let the whole claim go. That's correct. The claim – the contract says that if a claim is filed, either party can seek to compel judicial reference. And so that language of claim means the claim gets sent to judicial reference, not discovery dispute or whatever. It's the claim itself. And can it be a magistrate judge, or does it have to be a private? I believe that it has to be a private judge, yes, under the statute. And Sierra, just to wrap up that thought here, the district court certainly didn't say that there was a compelling and countervailing reason not to enforce judicial reference. So we don't believe that. With just seconds left, or maybe permission. No, absolutely. Would you respond to his contention that even if you're – there is any plausibility to your argument, the rule of ambiguity is not that clear. It doesn't automatically go against the drafter. I mean, the court can go read Victoria. We cited an entire paragraph in it, and the Supreme Court said very specifically that resolving it in favor of arbitration does not apply in contracts of adhesion. And for contracts of adhesion, that presumption is against the drafter. And what they were clarifying is that a previous case where they had resolved an ambiguity in favor of arbitration was between two parties of equal bargaining power who both negotiated and contracted and had a part to play in drafting the contract. And what the California Supreme Court said is that's different. Here we have a contract of adhesion, and we resolve ambiguities against the drafter. That's our position, but obviously the court can read Victoria for itself, unless there are further questions. Any additional questions? And I would just ask that the order on appeal be reversed. Thank you very much, Your Honor. All right. Thank you to both sides for helpful arguments this morning. The matter is submitted.
judges: Higginson, NGUYEN, BRESS